J-A15010-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

GINGER L. BACHMAN

Appellant

v.

DEAN T. BACHMAN

Appellee

:
:
:
:
:
:
:
:
:
:

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 2998 EDA 2019

Appeal from the Order Entered September 17, 2019
In the Court of Common Pleas of Lehigh County
Civil Division at No(s): No. 2009-FC-0200

BEFORE: LAZARUS, J., KING, J., and STRASSBURGER, J.[*]

JUDGMENT ORDER BY KING, J.:                          **FILED JULY 21, 2020**

Appellant, Ginger L. Bachman ("Wife"), appeals *pro se* from the order

entered in the Lehigh County Court of Common Pleas, which found Wife in

contempt for violation of the equitable distribution agreement between Wife

and Appellee, Dean T. Bachman ("Husband"). Initially, we observe that the

trial court deemed all of Wife's issues on appeal waived for failure to comply

with the trial court's Pa.R.A.P. 1925(b) order.

Pennsylvania law makes clear that appellants must timely comply

whenever the trial court orders them to file a concise statement of errors

complained of on appeal pursuant to Pa.R.A.P. 1925(b). ***Commonwealth v.***

***Lord***, 553 Pa. 415, 719 A.2d 306 (1998). Regarding civil cases:

Our Supreme Court intended the holding in ***Lord*** to operate

_____

[*] Retired Senior Judge assigned to the Superior Court.

as a bright-line rule, such that failure to comply with the minimal requirement of Pa.R.A.P. 1925(b) will result in **automatic waiver** of the issues raised. Given the automatic nature of this type of waiver, we are required to address the issue once it comes to our attention. …

***Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 224 (Pa.Super. 2014) (*en banc*) (internal citations and quotation marks omitted) (emphasis in original).

In civil cases, under Rule 1925(b): (1) the trial court must issue an order directing an appellant to file a concise statement of errors **within twenty-one days** of that order; (2) the trial court must file the order with the prothonotary; (3) the prothonotary must enter the order on the docket; (4) the prothonotary must give written notice of the entry of the order to each party, pursuant to Pa.R.C.P. 236; and (5) the prothonotary must record Rule 236 notice on the docket. ***See*** Pa.R.A.P. 1925(b); ***Forest Highlands Community Ass'n v. Hammer***, 879 A.2d 223 (Pa.Super. 2005). If any procedural step set forth above is not complied with, "[a]ppellant's failure to act in accordance with Rule 1925(b) will not result in waiver of the issues sought to be reviewed on appeal." ***Id.*** at 227.

Instantly, the trial court stated in its Rule 1925(a) opinion:

> [Wife] filed a Notice of Appeal on October 16, 2019. On October 18, 2019, the [c]ourt directed [Wife] to file a Concise Statement of [Errors] Complained of on Appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one days of the date of the Order.
>
> To date, [Wife] has failed to file a concise statement. Consequently, any issues [Wife] sought to raise in her

- 2 -

appeal are deemed waived by operation of law. [**See Presque Isle, supra**]. As a result, the [c]ourt respectfully recommends that its order dated September 17, 2019 in the within matter be affirmed and [Wife's] appeal be dismissed.

(Trial Court Opinion, filed November 14, 2019, at 1). Although the trial court stated it had ordered Wife to file a concise statement within 21 days, the court's Rule 1925(b) order reads as follows:

**IT IS ORDERED** [Wife] is directed to file a Concise Statement of [Errors] Complained of on Appeal pursuant to Pa.R.A.P. 1925(b) and serve a copy of said statement on the undersigned. Any issue not raised therein is deemed waived.

(Rule 1925(b) Order, filed October 18, 2019, at 1). Thus, the court's order makes clear it did not provide Wife a deadline in which she had to file her concise statement.

In light of the deficient Rule 1925(b) order, we cannot agree with the court's waiver analysis. **See Forest Highlands, supra**. **See also** Pa.R.A.P. 1925(b)(3)(i) (requiring that judge's order directing filing and service of concise statement **shall** specify number of days after date of entry of judge's order within which appellant must file and serve statement). Accordingly, we remand for the trial court to issue an amended Rule 1925(b) order directing Wife to file a concise statement within 21 days, or face waiver of her claims.[1] After Wife files her concise statement, the trial court shall issue a supplemental

_____

[1] As Wife has already filed her appellate brief in this case, she must include in her Rule 1925(b) statement all issues she has raised in this appeal, so that the trial court has an opportunity to address her claims in the first instance.

- 3 -

Rule 1925(a) opinion addressing all properly preserved issues.

Case remanded with instructions.  Panel jurisdiction is **retained**.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/21/20